**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Jammadriteal Dunn</u>

    v.                                                      Civil No. 08-cv-178-PB

<u>Warden, Northern New Hampshire</u>
<u>Correctional Facility</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Jammadriteal Dunn's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR

4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Jammadriteal Dunn was convicted, after a jury trial, of one count of Attempted Theft by Unauthorized Taking and one count of Theft by Deception. Dunn was sentenced to serve 4-10 years in

the New Hampshire State Prison.  At his sentencing hearing, Dunn filed a motion to set aside the verdict on the grounds that his convictions violated his right not to be subjected to double jeopardy.  The motion was denied on August 8, 2006.

After he was convicted, Dunn appealed his conviction to the New Hampshire Supreme Court ("NHSC"), on the grounds that: (1) his conviction violated his right not to be subjected to double jeopardy; (2) the evidence at trial was insufficient to convict him; and (3) the indictments were duplicative.  The NHSC affirmed Dunn's conviction in July of 2007.

Dunn also filed a petition for a writ of habeas corpus in the Coos County Superior Court claiming that: (1) The trial court failed to properly instruct the jury regarding alternative theories of prosecution; (2) his right not to be subjected to double jeopardy was violated by his conviction on two charges for a single offense; and (3) the trial court, in its instructions to the jury, impermissibly amended the indictments returned against him by the grand jury.  The Coos County Superior Court denied the habeas petition on February 5, 2008.  Dunn appealed that denial to the NHSC.  His appellate counsel refused to brief either of

the issues raised, however, and so Dunn proceeded pro se in that appeal.  His appeal was denied.

Dunn now brings the following claims in his federal petition for a writ of habeas corpus[1]:

1. The trial court violated his Fifth Amendment right not to be subjected to double jeopardy by failing to properly instruct the jury regarding alternative theories of prosecution, resulting in his conviction on two alternative counts of attempted theft;

2. The trial court's instructions to the jury impermissibly amended the indictments returned by the grand jury by adding an element that was not charged by the grand jury, to wit, that Dunn acted with a "purpose to deprive another of property or to keep or use property in such a way that a substantial portion or economic value would be lost;"

3. Dunn was denied the effective assistance of appellate counsel when his appellate attorney refused to brief either issue presented to the NHSC after Dunn's petition for habeas relief was denied in the Superior Court, forcing Dunn to file the brief pro se.

## Discussion

I. <u>Claim Alleging Ineffective Assistance of Post-Conviction Appellate Counsel</u>

Dunn alleges that counsel in his post-conviction case refused to brief issues on appeal.  There is no constitutional

---

[1] The claims, as described here, will be considered to be the claims raised in Dunn's petition for all purposes.  If Dunn disagrees with this identification of the claims, he must do so by properly moving to amend his petition, or by objecting to this Report and Recommendation.

right, however, to have an attorney in state post-conviction proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991). Where there is no constitutional right to the effective assistance of counsel, there is no constitutional violation for the deprivation of the effective assistance of counsel.  See id. (citing Wainwright v. Torna, 455 U.S. 586, 587 (1982)). Therefore, even if Dunn's assertion, that his attorney improperly refused to brief his post-conviction appeal, is true, such a claim is not cognizable in a federal habeas petition, as it is not grounded on the deprivation of a right found in the federal constitution or other federal law.  See 28 U.S.C. § 2254(a); Coleman, 501 U.S. at 752; Wainwright, 455 U.S. at 587; see also Beauchamp v. Murphy, 52 F.3d 309, 1995 WL 221483, *2 n.1 (1st Cir. 1995).  Accordingly, I recommend that this claim be dismissed from the habeas petition.

II.  Claims Alleging Constitutional Violations at Trial

Dunn's remaining two claims, alleging that he was unconstitutionally subjected to double jeopardy, and that the trial court's instructions to the jury impermissibly amended the grand jury's indictments, both arise out of alleged errors at trial.  Dunn alleges that both of these issues have been

litigated to some extent in the state courts, and he now asserts them here, seeking federal habeas relief.

    A.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Dunn must show that he is both in custody and has exhausted all of his State court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). Dunn is presently incarcerated and thus satisfies the custody requirement of the statute.

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's claims. <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); <u>see also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State

Case 1:08-cv-00178-PB Document 3 Filed 06/24/08 Page 7 of 10

courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson, 131 F.3d at 261 (emphasis added).

In order to satisfy the requirement to "fairly present" his federal claims to the state courts, a petitioner must have presented the claim to the state courts "in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.'" Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella, 207 F.3d at 20). A petitioner may fairly present a claim by: (1) citing a provision of the federal

7

constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to State court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to state court).

   Dunn states that he raised his double jeopardy claim in his motion to set aside the verdict in the Rockingham County Superior Court, in his direct appeal to the NHSC, and in his habeas petition before the Coos County Superior Court, which was also appealed to the NHSC.  Similarly, Dunn asserts that his indictment claim was raised in his Coos County Superior Court habeas petition, which was appealed to the NHSC.  However, Dunn

has attached neither pleadings, notices of appeal, briefs, or other documents filed in the state courts, nor any state court order which demonstrates that the precise claims raised in this petition, including the federal nature of those claims, have each been presented to the NHSC.  Accordingly, at this juncture, Dunn has failed to allege sufficient facts to demonstrate exhaustion of his claims.  However, as Dunn's petition indicates that the claims may, in fact, have been exhausted, I will give Dunn the opportunity to amend his petition to demonstrate exhaustion.  In an Order issued simultaneously with this Report and Recommendation, I will direct Dunn to amend his petition to demonstrate exhaustion of his double jeopardy and jury instruction claims.

    B.    <u>Stay</u>

If Dunn has not yet exhausted his claims, including the federal nature of those claims, in the state courts, I will allow him the opportunity to return to the state courts to exhaust those claims.  In my Order issued simultaneously with this report and recommendation, I will direct Dunn that, if he notifies this Court that he intends to return to the state courts to exhaust his federal claims, I will stay this action to allow him the

opportunity to return to the state courts to complete exhaustion of his claims.

## Conclusion

For the foregoing reasons, I recommend dismissal of the ineffective assistance of counsel claims. In a separate Order, I will direct Dunn to amend his petition to demonstrate exhaustion of his remaining claims.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    June 24, 2008

cc:      Jammadriteal Dunn, pro se