**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Jammadriteal Dunn

    v.                                          Civil No. 08-cv-178-PB

Warden, Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court is Jammadriteal Dunn's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

As discussed in my Report and Recommendation, issued simultaneously with this Order, Dunn's petition includes two claims which are cognizable in a federal habeas petition:[1]

1.  The trial court violated his Fifth Amendment right not to be subjected to double jeopardy by failing to properly instruct the jury regarding alternative theories of prosecution, resulting in his conviction on two alternative counts of attempted theft;

2.  The trial court's instructions to the jury impermissibly amended the indictments returned by the grand jury by adding an element that was not charged by the grand jury, to wit, that Dunn acted with a "purpose to deprive another of property or to keep or use property in such a way that a substantial portion or economic value would be lost;"

As explained in my Report and Recommendation, Dunn has not yet demonstrated that he has fully exhausted these two claims, and the federal nature of those claims.  I now direct Dunn to amend his petition to demonstrate exhaustion, if in fact the claims have been exhausted.  If Dunn has exhausted his claims, he is ordered to so demonstrate by filing with this Court, within thirty days of the date of this Order, documentation, including copies of pleadings filed in the state courts and copies of

---

[1] Dunn's petition raised a third claim, alleging the ineffective assistance of counsel in Dunn's post-conviction proceedings.  In my Report and Recommendation, issued this date, I recommend dismissal of that claim as not cognizable in a habeas action.

decisions by those courts, clearly indicating that each of the federal constitutional claims raised in this petition have already been presented to the state courts, including the New Hampshire Supreme Court, for consideration.

If, however, Dunn has not fully yet exhausted his claims, including the federal nature of the claims in the state courts, I will allow him the opportunity to return to the state courts to exhaust his claims.  If Dunn notifies this Court that he intends to return to the state courts to exhaust his federal claims, I will direct that this matter be stayed in order to allow Dunn to complete exhaustion.

If Dunn has unexhausted claims, and intends to return to the State courts to exhaust those claims, he is directed to so notify this Court, and also to commence his state court proceedings, within thirty days of the date of this Order.  Upon receipt of such a notice, this matter will be stayed.  If the matter is stayed, Dunn must notify this Court, in writing, of the status of the state court proceedings every ninety days.

When all of Dunn's claims have been exhausted, he is directed to so notify this Court, and to amend his petition to demonstrate exhaustion of his claims within thirty days of the

3

New Hampshire Supreme Court's decision.  To satisfy this Order, Dunn must provide this Court with complete copies of documents filed in the Superior Courts and the New Hampshire Supreme Court, showing that each of the claims, including the federal nature of those claims, has been raised and exhausted.  Dunn should also provide this Court with complete copies of any orders or opinions issued by the State courts relative to these matters.

Should Dunn fail to amend his complaint to demonstrate that he has exhausted his State court remedies for each of the grounds presented, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[2]  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     June 24, 2008

cc:       Jammadriteal Dunn, pro se

---

[2] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Dunn's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).